**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
SUSAN MADDI, LORRAINE BROWN and
BARBARA STEIN-LEVINE,,

                              Plaintiffs,        **MEMORANDUM OF**
                                                   **DECISION AND ORDER**
   -against-                              04-CV-3508 (ADS) (WDW)

KPMG LLP,

                              Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**GABOR & GABOR**
Attorneys for the Plaintiffs
400 Garden City Plaza, Suite 406
Garden City, New York 11530
       By:    David George Gabor, Esq., Of Counsel

**SIDLEY AUSTIN BROWN & WOOD, LLP**
Attorneys for Defendant
787 Seventh Avenue
New York, New York 10019
       By:    John G. Hutchinson, Esq., Of Counsel

**SPATT, District Judge.**

On August 16, 2004, the Plaintiffs Susan Maddi ("Maddi"), Lorraine Brown ("Brown"), and Barbara Stein-Levine ("Stein-Levine"), (collectively, the "Plaintiffs"), commenced this action against KPMG Inc. ("KPMG" or the "Defendant") pursuant to Title VII, the ADEA, and the New York Human Rights Law. By letter dated April 29, 2005, Counsel for the Defendant notified the Court that the claims of Stein-Levine have been settled.

Presently before the Court is a motion by KPMG to compel arbitration of the claims brought by Maddi **and** to dismiss or in the alternative, to stay, all of her claims. In support of its motion the Defendant argues that Maddi entered into a Senior Managers Agreement that contained an arbitration clause. In particular, paragraph 14 of Maddi's Senior Managers Agreement, dated June 3, 2002, contains the following arbitration clause:

> [A]ny claim or controversy arising out of or relating to this Agreement or the breach thereof including, but not limited to . . . any claim or controversy that in any way relates to the terms and conditions of KPMG's employment of Senior Manager, shall be settled exclusively by arbitration under the rules of the American Arbitration Association . . . .

Maddi does not dispute that her causes of action should be heard in an arbitral forum. See Decl. in Opp. ¶¶ 2, 3 ("It is true that . . . two of the plaintiffs entered into employment agreements that contained arbitration clauses. This was not made **known** to the office until after the complaint has been filed . . . The plaintiff's do not oppose enforcement of the arbitration clauses in the Maddi . . . case[s]."). Thus, the motion by KPMG to compel the arbitration of Maddi's claims is granted.

**However,** Maddi requests that this matter be referred to United States Magistrate Judge William D. Wall to resolve certain issues pertaining to the arbitration including the venue of the arbitration, the number, selection and payment of arbitrators, and the scope of pre-arbitration discovery. **It** is well-settled that

2

"procedural questions which grow out of the dispute and bear on its final disposition are presumptively not for the judge, but for an arbitrator to decide." *Howsam v. Dean Witter Reynolds, Inc.*, **537 U.S. 79, 84, 123 S. Ct. 588, 154 L. Ed. 2d 491 (2002)**, (2002); *see also* **Schweizer Aircraft Cor. v. Local 1752, Intn'l Union, United Automobile, Aerospace & Agricultural Implement Workers of Am., 29 F.3d 83, 88 (2d Cir. 1994);** *Baldeo v. Darden Restaurants, Inc. d/b/a Red Lobster*, No. 04 Civ. 2185, 2005 WL 44703, at * 7 (E.D.N.Y. Jan. 11, 2005) ("the validity and meaning of specific provision in the arbitration agreement can be decided by the arbitrator.") (citing *Stewart v. Paul, Hastings, Janofsky & Walker*, LLP, 201 F. Supp. 2d 291, 292 (S.D.N.Y. 2002)). Thus, the request by Maddi that the Court refer the above mentioned issues to Judge Wall is denied.

The Court must now determine whether Maddi's claims should be stayed pending the arbitration pursuant to Section 3 of the Federal Arbitration Act or if her claims should be dismissed. The Federal Arbitration Act ("FAA") requires the Court to stay an action if the parties have agreed in writing to arbitrate an issue or issues underlying the action. 9 U.S.C. § 3; *see McMahan Sec. Co. v. Forum Capital Markets L.P.*, 35 F.3d 82, 85 (2d Cir. 1994). On the other hand, "[w]hen all of the issues raised in a litigation lie within the scope of an arbitration agreement, courts have the discretion to dismiss the action rather than issue an order directing a stay." *Sea Spray Holdings, Ltd. v. Pali Financial Group, Inc.*, 269 F. Supp.2d 356, 366 (S.D.N.Y.

2003).

Given the broad and comprehensive nature of the above mentioned arbitration clause, the Court is of the view that **all of** the claims by Maddi lie within its scope. Accordingly, the claims of Maddi are dismissed without prejudice to her pursuing her claims in an arbitral forum.

Based on the foregoing, it is hereby

**ORDERED**, that the motion by KPMG to compel arbitration as to all claims brought by Maddi is **GRANTED**; and it is further

**ORDERED**, that the claims by Maddi are dismissed without prejudice; and it is further

**ORDERED**, that the claims by Stein-Levine are **dismissed subject to** the above mentioned settlement; and it is further

**ORDERED**, that the Clerk of the Court is directed to amend the caption as

follows:

---------------------------------------------------------------X
LORRAINE BROWN,

        Plaintiff,

 -against-

KPMG LLP,

        Defendant.
---------------------------------------------------------------X, and it is further

 **ORDERED**, that KPMG and Brown are directed to contact United States Magistrate Judge William D. Wall forthwith to set a discovery schedule with respect to remaining claims in this action.

   **SO ORDERED.**

 Dated: Central Islip, New York
     May 9, 2005

                <u>ARTHUR D. SPATT</u>
                United States District Judge